CORTIJO ET AL., PLAINTIFFS AND APPELLANTS, *v.* ROSARIO ET AL., DEFENDANTS AND APPELLEES.

.APPEAL from the Second District Court of San Juan in an Action to Recover Hereditary Property.

No. 3075.—Decided June 23, 1924.

REVFNDICATION—EVIDENC"".—The basis of the complaint in this action of revendication was that the plaintiffs had not sold their hereditary rights in the

property whose dominion title was sued for by the defendant who alleged that he had acquired half of it by inheritance from his mother and the other half by purchase from the plaintiffs. The evidence convinced the court that the disputed sale was an actuality and it affirmed the judgment which dismissed the complaint.

APPEAL—PLEADING.—The issue as joined under the pleadings can not be changed on appeal.

The facts are stated in the opinion.

*Messrs. J. Martínez Dávila* and *E. Campillo* for the appellants.

*Messrs. R. Sancho Bonet* and *M. M. Ginorio* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by the plaintiffs from a judgment dismissing the complaint after trial.

The appellants are the collateral heirs of Celestino Cortijo Rosario, who died in 1899 without descendants, and they allege that they are the owners of a moiety of the described property which the said Rosario purchased during his wedlock with María de los Angeles Rosario; that her heir was her acknowledged natural son, Evaristo Rosario; that in the year 1909 Evaristo Rosario instituted dominion title proceedings without referring to the anterior title with the object of depriving the plaintiffs of their rights in the property, he alleging that he had acquired half of it by inheritance from his mother and the other half by purchase from the plaintiffs, who now allege that they have not sold to Evaristo Rosario or to any other person their rights as heirs of Celestino Cortijo Rosario. They also allege that after the dominion title was sustained it was recorded in the registry of property and that Evaristo Rosario sold some parcels out of the property. The action is directed against Evaristo Rosario and other persons.

It appears from the evidence that Jacinto Rivera purchased the property from the Spanish Government in the year 1873 for a sum payable in nine years; that in 1880 he petitioned the Treasury Department to transfer the prop-

erty to Celestino Cortijo Rosario, and that the Treasury Department decided that in order that the transfer could be approved and the deed executed in favor of Cortijo the contract should be ratified before the mayor of Loíza and the instalments due should be paid into the Treasury. It does not appear that the deed was executed, but it is shown. that since 1886 Cortijo appeared to be owner of the prop-- erty and paid all of the instalments. It also appears that. all of the plaintiffs except one were summoned in the do- minion title proceedings, but did not oppose it, and that in. the said proceedings testimony was given by three persons. who are now dead, one of them being a brother and heir of Celestino Cortijo Rosario, and according to that testimony Rosario's heirs sold their interests in the property to Eva- risto Rosario. It further appears from a public deed that each of the plaintiffs purchased from Evaristo Rosario a parcel of the said property, the vendor stating in this docu- ment that he was the owner of the property, one-half of which he had acquired by inheritance from his mother and the other half by purchase from the heirs of Celestino Cor- tijo Rosario.

In view of the facts outlined and notwithstanding the fact that the plaintiffs testified at the trial that they had not sold to Evaristo Rosario their interests in the property as heirs of Celestino Cortijo Rosario, we conclude that the said sale was actually made, for they admitted it when they purchased a part of the property from Evaristo Rosario,. who stated in the deed that he had purchased half of the property from them.

In discussing one of the grounds of appeal it is alleged that Evaristo Rosario had no right to institute the domin- ion title proceedings because he had a prior recordable title in writing, but the evidence does not show that the Spanish Government actually executed the deed of sale.

The appellants also allege as grounds in support of the appeal defects in the prosecution of the dominion title pro--

ceedings and in the execution of the deed by which the plaintiffs purchased from Evaristo Rosario a part of the property; but we shall not consider these allegations because they were not made in the complaint, which is based solely on the grounds that the plaintiffs had not sold their hereditary rights to Evaristo Rosario and that he ignored a previous title in order to obtain a declaration of his ownership, for it is not permissible to change on appeal the issues presented by the pleadings.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Hutchison concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.